IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    Civil No. 18-2050

PRESCOTT FRIENDSHIP VILLA, INC.;
CAROL SMITH; NANCY MOORE;
ROGER BLOOMFIELD; JONATHAN
MAUK; TIFFANY RIDDLE; BOBBY
HOPKINS; and SHARA BROWN,

Defendants.

## **COMPLAINT**

COMES NOW the United States of America, by Stephen R. McAllister, United States

Attorney for the District of Kansas, and Christopher Allman, Assistant United States Attorney, and

for its cause of action alleges:

1.      This is a civil cause of action brought by the United States of America under the

provisions of 28 U.S.C. § 1345.

2.      Service may be made in the following manner:

a.      Upon Defendant, Prescott Friendship Villa, Inc., a Kansas nonprofit

corporation, by delivering a copy of the summons and complaint to its resident agent, Teresa

Whitaker, at City Hall, 1608 Laurel, Pleasanton, Kansas 66075.[1]

b.      Upon Defendant Carol Smith by delivering a copy of the summons and

complaint to her at 132 E. 3rd Street, Apt. A02, Prescott, Kansas 66767.

---

[1] The Business Entity Database website maintained by the Kansas Secretary of State shows that the last annual report filed by Prescott Friendship Villa, Inc., lists Teresa Whitaker as its Resident Agent with a mailing address of P.O. Box 192, LaCygne, KS 66040.  However, a request for address verification to the Postmaster of LaCygne, Kansas, indicated that the P.O. Box was no longer a valid address.

      c.      Upon Defendant Nancy Moore by delivering a copy of the summons and complaint to her at 132 E. 3rd Street, Apt. A03, Prescott, Kansas 66767.

      d.      Upon Defendant Roger Bloomfield by delivering a copy of the summons and complaint to him at 132 E. 3rd Street, Apt. A04, Prescott, Kansas 66767.

      e.      Upon Defendant Jonathan Mauk by delivering a copy of the summons and complaint to him at 132 E. 3rd Street, Apt. B03, Prescott, Kansas 66767.

      f.      Upon Defendant Tiffany Riddle by delivering a copy of the summons and complaint to her at 132 E. 3rd Street, Apt. B05, Prescott, Kansas 66767.

      g.      Upon Defendants Bobby Hopkins and Shara Brown by delivering a copy of the summons and complaint to each of them at 132 E. 3rd Street, Apt. B06, Prescott, Kansas 66767.

3.      On or about December 19, 1990, Prescott Friendship Villa, Inc., executed and delivered to Plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby it promised to pay Plaintiff the sum of $300,802.08, with interest thereon at 8.75% per annum. As consideration for the note, Plaintiff made a Rural Rental Housing loan to Prescott Friendship Villa, Inc., pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.). A true and correct copy of the note is attached as Exhibit A.

4.      At the same time and place and as part of the same transaction, to secure payment of the note, Prescott Friendship Villa, Inc., executed and delivered to Plaintiff a purchase money security interest in the form of a real estate mortgage upon certain real estate in Linn County, Kansas, to wit:

> Lots 3, 4, 7, and 8, in Block 26, in the Town of Prescott, according to the recorded plat thereof, all in Linn County, Kansas.

2

The mortgage was recorded in the office of the Recorder of Deeds of Linn County, Kansas, on December 26, 1990, in Book Number 181, Page 595.  A true and correct copy of the mortgage is attached as Exhibit B.

5.      Plaintiff is the owner and holder of the promissory note and mortgage, Exhibits A and B.

6.      Repayment of the indebtedness is also secured by a perfected security interest in accounts, contract rights, general intangibles, equipment, including but not limited to appliances, stoves, ranges, refrigerators, dishwashers, washing machines, dryers, window air conditioners, storage buildings, project equipment, and replacements.  A copy of the Security Agreement, executed on December 19, 1990, is attached as Exhibit C.

7.      On March 13, 2013 (effective date March 1, 2013), Defendant Prescott Friendship Village, Inc., signed a reamortization agreement upon the 1990 Note, wherein the reamortized amount (unpaid principal plus interest) became the principal debt of $294,617.27, with interest at 3.1250 percent per annum.  A true and correct copy of the reamortization agreement is attached as Exhibit D.

8.      Defendant, Prescott Friendship Villa, Inc., has failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the note and mortgage.

9.      Defendant, Prescott Friendship Villa, Inc., has failed to fulfill the requirements of the promissory note, mortgage, and Agency regulations under 7 C.F.R. § 3560.452(c) as follows:

a.      Failing to comply with applicable Kansas laws, including laws related to maintaining a valid, legal entity per both state and federal requirements;

b.      Failing to operate and manage the housing project in accordance with the Agency approved management plan and/or Agency requirements;

3

        c.      Failing to properly maintain and account for funds associated with Agency secured operating, reserve, tax and insurance accounts as required by 7 C.F.R. § 3560.452(c)(3);

        d.      Failing to occupy rental units with eligible tenants and otherwise keep sufficient tenant files as required by 7 C.F.R. § 3560.452(c)(4);

        e.      Failing to keep general operating expense, reserve, and other financial accounts related to a housing project at required funding levels as required by 7 C.F.R. § 3560.452(c)(3);

        f.      Failing to submit required annual financial reports to the Agency within the time periods specified in RD Instruction § 3560.308 as required by 7 C.F.R. § 3560.452(c)(6)); and

        g.      Failing to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements under 7 C.F.R. § 3560.452(c)(7).

10.      Defendant Prescott Friendship Villa, Inc., was given notice of the monetary and non-monetary defaults on December 15, 2016, and January 5, 2017, but failed to respond. Plaintiff accelerated the indebtedness on March 21, 2017, and made demand for payment in full. No payment has been received.

11.      Defendant, Prescott Friendship Villa, Inc., owes Plaintiff, under the provisions of the promissory note and mortgage, principal in the amount of $286,970.94 (which includes $279,200.02 in unpaid principal, advances of $7,512.68, and late fees of $258.24) plus interest in the amount of $2,102.99 (including interest on principal of $2,045.95 and interest on advances of $57.04) accrued to July 5, 2017, plus administrative costs pursuant to the promissory note and mortgage including costs to cover operation and maintenance shortfalls, and management fees; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus

interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

12.     No other action has been brought for the recovery of said sum or any part thereof, nor has any sum or any part thereof been paid except as indicated above.

13.     Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq., and all rules and regulations issued pursuant thereto.  In particular, Plaintiff notes that Defendant did not appeal the acceleration of this account for monetary and non-monetary default.  Pursuant to 7 U.S.C. § 6912(e), the claims raised in paragraphs 8 and 9 are administratively final, and therefore are not subject to judicial review.

14.     Defendants Carol Smith, Nancy Moore, Roger Bloomfield, Jonathan Mauk, Tiffany Riddle, Bobby Hopkins and Shara Brown are all tenants who reside at 132 E. 3rd Street, Prescott, Kansas, which is the street address of the real property that is the subject of this foreclosure and may claim a leasehold interest.

15.     The interests of all Defendants are junior and inferior to the interests of Plaintiff.

16.     Less than one-third of the original indebtedness secured by the mortgage was paid prior to default.  Defendant, Prescott Friendship Villa, Inc., has waived all rights of redemption.

WHEREFORE, Plaintiff demands judgment against Defendant for principal in the amount of $286,970.94 (which includes $279,200.02 in unpaid principal, advances of $7,512.68, and late fees of $258.24) plus interest in the amount of $2,102.99 (including interest on principal of $2,045.95 and interest on advances of $57.04) accrued to July 5, 2017, plus administrative costs pursuant to the promissory note and mortgage including costs to cover operation and maintenance shortfalls, and management fees; plus filing fees in the amount of $400.00 allowed

5

pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff further demands that its mortgage be declared a first and prior lien on the real estate described herein and that such advances as the Plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff further demands that all legal right, title and interest of the Defendants in the property described herein at paragraph four be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive, with no right of redemption, and that said sale be subject to any unpaid real property taxes or special assessments, and that out of the proceeds arising from said sale there be satisfied in the following order as far as the same shall be sufficient:

(1)  Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)  The costs of said sale and of this action;

(3)  Plaintiffs judgment against Prescott Friendship Villa, Inc., and

(4)  The balance thereof, if any, be brought into the Court to await further order.

Plaintiff further demands that all right, title, and interest in and to the real estate of the Defendants, including any person claiming a lease on the property, and of all persons claiming by, through or under them be decreed to be junior and inferior to the Plaintiff's Mortgage and be absolutely barred and foreclosed.

Plaintiff further prays that, if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee

6

or assigns, ordering and directing the United States Marshal to place the grantee or assign, in full,

complete, and peaceful possession of the real property.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney
District of Kansas

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S.Ct. No. 14225
500 State Street, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: chris.allman@usdoj.gov
ELECTRONICALLY FILED
Attorneys for the Plaintiff

## REQUEST FOR PLACE OF TRIAL

The United States of America hereby requests that trial of the above-entitled matter be

held in the City of Kansas City, Kansas.

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney

**INDEX OF EXHIBITS TO THE
UNITED STATES OF AMERICA'S
COMPLAINT**

Exhibit A:        1990 Promissory Note

Exhibit B:        1990 Mortgage

Exhibit C:        1990 Security Agreement

Exhibit D:        2013 Reamortization Agreement

**Exhibit A:  1990 Promissory Note**

Form FmHA 1944-52
(Rev. 7-90)

UNITED STATES DEPARTMENT OF AGRICUL.
FARMERS HOME ADMINISTRATION

JAN 0 4 1991

Prescott

| KIND OF LOAN | MULTIPLE FAMILY HOUSING | STATE | COUNTY |
| --- | --- | --- | --- |
| Title V of the Housing Act of 1949 | | Kansas | Linn |
| ☐ Sec. 523 or 524 Rural Housing Site | corrected 1-2-91 | CASE NO. | |
| ☐ Sec. 514 Labor Housing | PROMISSORY NOTE | | |
| ☒ Sec. 515 Rural Rental Housing | | PROJECT NO. | |
| ☐ Other Real Estate | | 018 | |

Date_____ December 19 ____, 19 90

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department

of Agriculture, (herein called the "Government") at its office in  Chanute, Kansas   66720

THE PRINCIPAL SUM OF  THREE HUNDRED THOUSAND, EIGHT HUNDRED TWO and×09×100%%%%×80  08/100

DOLLARS ($ ~~300,802.09~~      300,802.08 _____), plus INTEREST on the PRINCIPAL of

EIGHT AND THREE-FOURTHS  PERCENT (  8.75 %) PER ANNUM.

Payment of the Principal and Interest shall be as agreed between the Borrower and the Government as indicated below: (check one)

☒ I.    Principal and Interest payments shall be deferred. The interest accrued to____ JANUARY 1 _____, 19 91

shall be added to the Principal. The new Principal and later accrued Interest shall be payable in ____ 599 _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of the

new Principal herein $ ~~300,802.09~~    300,802.08 _____ and the amount of regular installments in the box below, when determined:

☐ II.    Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

☐ III.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each month beginning on _____, 19____, through _____, 19____.

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below:

| $ 2,221.97 | on _____ FEBRUARY 1 _____, 19 91 and |
| --- | --- |
| $ 2,221.97 | thereafter on the FIRST DAY ____ of each ____ MONTH |

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE ____ FIFTY ____ ( 50 ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of each advance in the Record of Advances.

Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

### PREPAYMENT OF SCHEDULED INSTALLMENTS IS PROHIBITED FOR SECTION 515 (RRH) LOANS.

For other loans, prepayment of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower providing the loan is in a current status. Refunds and extra payments, as defined in the regulations of the Farmers Home Administration according to the source of funds involved, shall be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein. Prepayment restrictions must be considered if the Borrower is subject to these restrictions and the prepayment of scheduled installments will cause the loan to be repaid prior to the expiration of the restricted repayment period.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies inability to obtain sufficient credit elsewhere to finance the actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near the community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

TRANSFER OF TITLE: Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased (except individual units leased to tenants), assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.

### GRADUATION PROVISIONS DO NOT APPLY TO SECTION 515 (RRH) LOANS.

For other loans, GRADUATION AGREEMENT: If at any time is shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rate and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. When the Borrower is subject to prepayment restrictions, refinancing will not be required until such restrictions are exhausted.

CREDIT SALE TO INELIGIBLE BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification", and "Graduation Agreement" do not apply if (1) this promissory note represents in whole or in part, payment for property purchased from the Government and (2) the loan representated by this promissory note was made to the Borrower as an ineligible Borrower under Title V of the Housing Act of 1949, as amended and regulations issued thereunder. As long as the promissory note remains unpaid, the property purchased with this loan shall not be sold or transferred, either voluntarily or involuntarily, unless the Government consents to such transaction in writing.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to Title V of the housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations and provisions hereof.

Presentment, protest, and notice are hereby waived.

PRESCOTT FRIENDSHIP VILLA, INC.

By: _Ted McIntyre, President_ _(BORROWER)_ (SEAL)

By: _Janice J. Wood_ _(BORROWER)_ (SEAL)
Secretary
Box 42
Prescott, Kansas  66767 _(ADDRESS)_

"A reamortization agreement dated March 1, 2013, in the
principal sum of $294,617.27, has been given to
modify the payment schedule of the note."

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 300,000.00 | 12/15/90 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ 300,000.00 | |
| | | | TOTAL | $ 300,000.00 | |

**Exhibit B:  1990 Mortgage**

USDA-FmHA
Form FmHA 427-1 KS
(Rev. 5-25-79)

Position 5

FEB 05 1991

**REAL ESTATE MORTGAGE FOR KANSAS**

THIS MORTGAGE is made and entered into by <u>Prescott Friendship Villa, Inc.,</u>

residing in _____ Linn _____ County, Kansas, whose post office address is

Box 42, Prescott, Kansas 66767 _____, Kansas _____,

herein called "Borrower," and

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 12/19/90 | $300,802.09 | 8.75% | 12/19/2040 |

(If the interest rate is less than _____% for farm ownership or operating loan(s) secured by this instrument, then the rate may be changed as provided in the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage, assign, and warrant to the Government the following property situated in the State of Kansas, County(ies) of _____:

Lots 3, 4, 7, and 8, in Block 26, in the Town of Prescott, according to the recorded plat thereof, all in Linn County, Kansas.

FmHA 427-1 KS (Rev. 5-25-79)

The property described herein was obtained or improved through Federal financial assistance. This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended or for so long as the purchaser owns it, whichever is longer.

This instrument also secured the obligations and covenants of borrower set forth in borrower's Loan Resolution of ___December 12, 1990___ , which is hereby incorporated herein by reference.

The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in section 515 of Title V of the Housing Act of 1949, and FmHA regulations then extant during the full term of the mortgage. No eligible person occupying housing will be required to vacate nor any eligible person denied occupancy for housing prior to the close of such period because of a prohibited change in the use of the housing. A tenant may seek enforcement of this provision as well as the Government.

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)  To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)  To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)  If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)  Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)  All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)  To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)  To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)  To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements ... good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or remiburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)   Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)   The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)   If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)   Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)   SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be declared a bankrupt or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)   Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights inchoate or consummate, of descent, dower and curtesy.

(20)   If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable or deny said property, to anyone because of race, color, religion, sex, national origin and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion, sex, or national origin.

(21)   This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is desig̲nated in a notice so given, in the case of the Govꞏꞏment to Farmers Home Administration at Topeka, Kansas   66683, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this ___19th___ day

of ___December___, 19 _90_.

PRESCOTT FRIENDSHIP VILLA, INC.

By: _____ (SEAL)
          Ted McIntyre, President

_____ (SEAL)

STATE OF KANSAS          }
                         } ss:
COUNTY OF ___LINN___     }

A C K N O W L E D G M E N T

On this ___19th___ day of ___December___ A.D., 19 _90_, before me _____

___Carolyn Black, a Notary Public,___ _____ personally appeared
*(insert title of officer taking acknowledgment)*

___Ted McIntyre, President of Prescott___ Friendship Villa, Inc., a not-for-profit corporation,
to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

___he___ executed the same as on behalf of the corporation.

Carolyn Black
NOTARY PUBLIC
State of Kansas
MY APP. EXPIRES 8-30-91

(SEAL)

_____
                    Notary Public.

My appointment expires ___August 30, 1991___

**Exhibit C:  1990 Security Agreement**

Kansas Instruction 1944-E
Exhibit K-1

## PLEDGE AND SECURITY AGREEMENT

Comes now <u>Prescott Friendship Villa, Inc.</u>                    (hereinafter
called "Borrower"), and in consideration of a $ <u>300,802.09</u>
loan from the United States of America, acting through the
Farmers Home Administration (hereinafter called "Government"),
for the construction or acquisition of a rural rental housing
project, the Borrower hereby pledges, assigns and grants a
security interest to the Government as security for the loan and
any future advances all the Borrower's revenue and income,
accounts, contract rights and general intangibles, now owned or
hereafter acquired, including, but not limited to, all rental
income, FmHA rental assistance payments, HUD Housing assistance
payments, all funds in reserve, operation and maintenance, and
general fund accounts for the above rental housing project as
well as * window air conditioners, storage buildings, stoves,
ranges, refrigerators, dishwashers, washing machines, dryers and
other personal property and project equipment including all
replacements and substitutions.  In the event Borrower should be
in default under the terms of any loan instruments or the
Borrower's loan (~~agreement~~) (resolution) dated <u>DECEMBER 12</u>,
19<u>90</u>, Borrower agrees that the Government may take possession
of any of the collateral and apply the proceeds to the loan
indebtedness.  Borrower further agrees to execute such
instruments or directions, including those to other parties, as
may be necessary or required by Government to enable Government
to obtain possession of the collateral pledged herein.
Furthermore, the Government may file a carbon, photographic or
other reproduction of any security agreement, financing
statement, continuation statement and any other security
instrument instead of the original thereof.

* A list of specific items of property and/or identifying numbers
thereof covered hereby shall include but not be limited to the
following:  (Delete this statement if no specific items will be
enumerated.)


Executed this <u>19th</u> day of <u>December</u>, 19<u>90</u>.


(SEAL)                          <u>Prescott Friendship Villa, Inc.</u>

                          By: _____


Revised (6-28-89) PN 748

## APPLIANCE LIST

RURAL RENTAL HOUSING

PRESCOTT, KANSAS

| APARTMENT NUMBER | RANGE SERIAL NO. | REFRIGERATOR SERIAL NO. | HEAT PUMP SERIAL NO. |
|---|---|---|---|
| A-1 | DS311256 | LA04206470 | RA858886 |
| A-2 | OJO33816 | LA04206817 | RA858864 |
| A-3 | OJO33822 | LA04206469 | RA858907 |
| A-4 | OJO33805 | LA04026816 | RA858912 |
| B-1 | OJO33814 | LA04206472 | RA858911 |
| B-2 | OJO33784 | LA04206819 | RA858936 |
| B-3 | OJO33812 | LA04206462 | RA858896 |
| B-4 | OJO33801 | LA04206779 | RZ836287 |
| B-5 | OJO33800 | LA04206417 | RA858897 |
| B-6 | OJO33813 | LA04206687 | RA858906 |

## MULTIPURPOSE BUILDING

**Wash Machines Serial No.'s:** CX4201868, CX4201838

**Dryer Serial No.:** MX2501824

**Refrigerator Serial No:** LA04206458

**Heat Pump Serial No.'s:** RA858891, RZ836288

Refrigerators: Kenmore model 30231, 12 cu ft

Range Kenmore model GC581

Range top utility one Kenmore model 43668 - S/N 9 6-96-976

Rear Handing unit: Kenmore model 45288 - Unit A-1

Washer Kenmore model 24.78
Dryer Kenmore model 64C73

Heat Pump general electric 230,208 V model

Range Hoods - Kenmore - 233.5108910

**Exhibit D:  2013 Reamortization Agreement**

USDA
Form RD 3560-16
(02-05)

### MULTIFAMILY HOUSING
### REAMORTIZATION AGREEMENT

**INSTRUCTIONS – Type or print in capitalized elite type in spaces marked (    ).**

| 1.  Borrower Case Number | 2.  Project Number | 3.  Loan Number |
|---|---|---|
| ▉▉▉▉▉ | 01-8 | 001 |

| 4. a.  Borrower Name | 5.  Type of Reamortization (See FMI) | 6.  Date of Reamortization |
|---|---|---|
| Prescott Friendship Villa, Inc. | 2 | March 1, 2013 |

| b.  Project Name | 7.  Total Amount of Reamortization | 8.  Type of Note Code (see FMI) |
|---|---|---|
| Prescott Friendship Villa | $294,617.27 | 10 |

| 9.  Note Interest Rate | 10.  Bond Code<br>0=Not Applicable<br>1=Serial Bonds<br>2=Single Bond | 11.  Repayment Period |
|---|---|---|
| 3.125% | 0 | 480 |

**Complete Items 12 Through 14 for Labor Housing Daily Interest Accrual**

| 12.  Interest Only Due Date | 13.  Daily Interest Accrual Installment Amount | 14.  Daily Interest Accrual Installment Amount |
|---|---|---|
|  |  |  |

**Complete Items 15 Through 18 for Delinquency Reamortization Only**

| 15.  Delinquent Interest | 16.  Past Due Interest |
|---|---|
|  |  |
| 17.  Past Due Principal | 18.  Accrued Interest Reamortized |
|  |  |

The United States of America, acting through the Rural Housing Service, or a successor agency, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement in the principal sum of  THREE HUNDRED THOUSAND, EIGHT HUNDRED TWO AND 08/100 Dollars ($300,802.08                ), plus interest on the unpaid principal of  EIGHT AND THREE FOURTHS          percent (8.75%          ) per year which was made or assumed by  Prescott Friendship Villa, Inc.                   and _____ (called "Borrower"), dated  December 19      , 20 1990   , and payable to the order of the Government.  The unpaid principal balance (including advances) is $ 282,282.27                .  The interest due (including interest on advances) to date is $ 12,335.00          .  The late fee to date is $_____.
The total debt to date is $ 294,617.27                       , which is now principal.

Because one or more of the conditions set forth in regulations of the Government have been met for obtaining a reamortization of the debt the Government agrees to grant this reamortization of said loan and Borrower agrees to make payments in accordance with the installment information shown below.

The first installment in the amount of $ __744.96_____, will due and payable on __April 1_____, 20 __13____.
Thereafter, regular installments each in the amount of $ __744.96_____ will be due and payable on the first day of each month until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner will be due, and payable on __**March 1, 2043_____.

Payments of principal and interest shall be applied, and late fee charges shall be assessed in accordance with the Government's accounting procedure in effect on the date of receipt of the payment.  Borrower agrees to pay late charges in accordance with regulations of the Government in effect when a late charge is assessed.

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment), and the method of applying payments on the account.

Upon default in the payment of anyone of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

__March 13, 2013_____
(Date)

ATTEST: _____

PRESCOTT FRIENDSHIP VILLA, INC.
(Borrower Name)

BY: __Vickie S Nichols_____
VICKIE S NICHOLS, CO-CHAIRMAN

United States of America
Rural Housing Service

BY: _____
Patricia Clark, State Director

Date: __March 5, 2013_____

** 30 year loan with a 40 year reamortization period.